■ MONTE E. WETZLER et al., Respondents, v JOHN R. O'BRIEN, Doing Business as MOODY & O'BRIEN, Appellant. — Order, Supreme Court, New York County, entered May 16, 1980, reversed, on the law and the facts, the motion to set aside a jury verdict in favor of defendant-appellant denied, the verdict in favor of defendant-appellant reinstated, and judgment directed to be entered thereon dismissing the complaint, with costs and disbursements. Plaintiffs-respondents had purchased a plot of land in Westchester County from the owners thereof, John Rolls and his wife. In anticipation of sale of one half the plot on which their home stood, the owners retained defendant-appellant, a land surveyor, to divide it into two plots as nearly equal as possible. The westerly, rear plot — so considered in relation to the local highway — was to be sold. Since that portion was otherwise landlocked from the highway, defendant-appellant was instructed, in equalizing the plots as to area, to carve out a strip along the northern boundary of the plot to be retained so as to provide access to the highway from the rear plot. For the purpose of subdivision, we are told by expert testimony, only metes and bounds, and, for the purposes of water control authorities, only the entrance and exit of any traversing waterway, were required to be shown with accuracy. This was accomplished. The course of a brook running in the access strip, roughly paralleling the northern boundary, was shown only schematically on the survey map which was incorporated by reference into the contract of sale to plaintiffs by the prior owners, and became the tax map. Though later negotiation brought about a slight revision of the southern boundary of the access strip to straighten it somewhat, it is the claim of plaintiffs that defendant surveyor prepared the map negligently, thus misleading plaintiffs into buying the property in the belief that a road suitable for vehicles could be built in the access strip without expenditure save for the road itself. Suit is for the additional expenditure claimed to have been laid upon plaintiffs by reason of a misleading survey map, a sort of professional malpractice. The measure of damage is claimed to have been the cost of moving the brook. It was established at the trial that a subdivision map requires only what defendant prepared and that it was never ordered as a more expensive topographical survey which would require complete accuracy in every detail. Further, claims defendant, plaintiffs were not deceived. They saw and walked the property a number of times before contracting for its purchase, accompanied on several of these jaunts by an architect, a water control commission representative, and a road contractor, and presumably had their advice. The jury was convinced — and there was evidence to sustain that conviction if accepted, as it was — that plaintiffs could not have been misled by anything defendant did or failed to do. It was Trial Term's view in setting aside the verdict that it was contrary to the weight of the evidence. We disagree, and reinstate the verdict accordingly. Concur

— Sandler, Sullivan, Markewich and Fein, JJ. Kupferman, J.P., dissents on the opinion of Kirschenbaum, J., at Special Term.