■ DOMINICK M. LICARE et al., Appellants, v WILRO CONSTRUCTION, INC., et al., Defendants, and RICHARD G. BARGER, Respondent.—In an action to recover damages for fraud and breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 5, 1987, as granted the defendant Richard Barger's motion for summary judgment dismissing the plaintiffs' first and fourth causes of action as against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 13, 1983, the plaintiffs agreed to purchase a vacant lot, known as lot 7 on the Strickler Subdivision map on file in the Dutchess County Clerk's office, from the defendant Wilro Construction, Inc. (hereinafter Wilro), and Wilro agreed to construct a dwelling and septic system on the premises for the plaintiffs. The contract of sale provided, *inter alia,* that Wilro would have a certified survey prepared and the lot would be sold subject to any state of facts an accurate survey would disclose so long as they did not render title unmarketable. Prior to executing the contract, Robert Novak, a principal of Wilro, allegedly gave the plaintiffs oral assurance that a horse barn and swimming pool could be lawfully constructed behind the proposed dwelling and that a wetlands designation on the subdivision plot would not affect the plaintiffs' building plans.

On or about December 6, 1983, the defendant Richard Barger, a licensed professional engineer and land surveyor, was requested by Novak to prepare a survey-plot plan for lot 7. Barger was directed to show the boundaries of the property and the actual location of the house and well constructed on the property. He was not retained to do a topographical or geographical feature survey of the property nor was he asked to include the wetlands line on the survey. Barger completed the survey, dated December 11, 1983, and certified it to the plaintiffs, the Town of East Fishkill, any title company licensed in the State of New York and Colonial Mortgagee Corp. On or about January 27, 1984, the plaintiffs took title to the subject premises. They thereafter discovered that construction within 100 feet of the wetlands perimeter was forbidden by State law so that a barn and pool could not be lawfully constructed behind the dwelling.

In or about September 1986, the plaintiffs commenced this action, contending with respect to Barger, *inter alia,* that in preparing the survey he fraudulently, intentionally, and/or recklessly breached his obligations to them by failing to depict

the proximity of the wetlands limits in relation to the dwelling and septic system. Barger moved to dismiss the complaint as against him on the ground that the plaintiffs' claim failed to state a cause of action. The court treated the motion as one for summary judgment and gave the parties additional time to submit further evidence.

A review of the record shows that Barger fully performed the sole service he was obligated to render pursuant to his contract with the defendant Novak, that is, the preparation of a survey showing the boundary lines of the property and the location of the house and septic system in relation thereto (see, Wetzler v O'Brien, 81 AD2d 517). Furthermore, the record does not contain any evidence which would indicate fraudulent inducement on the part of Barger with respect to the contract entered into by the plaintiffs and the defendant Wilro.

Accordingly, the first and fourth causes of action in the plaintiffs' complaint pertaining to Barger were properly dismissed. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.